Florence R. PRESCOD, individually and as successor in interest to Caroline Neischer, deceased; Oswald Rodrigues; Orin Rodrigues; Godfrey Rodrigues; Sandra Allison; Portia Ann Kennard Smith, Plaintiffs—Appellees,

v.

AMR, INC., dba American Airlines; British West Indies, dba Bwia, Defendants—Appellants.

Florence R. Prescod, individually and as successor in interest to Caroline Neischer, deceased; Oswald Rodrigues; Orin Rodrigues; Godfrey Rodrigues; Sandra Allison; Portia Ann Kennard Smith, Plaintiffs—Appellants,

v.

AMR, INC., dba American Airlines; British West Indies, dba Bwia, Defendants—Appellees.

Nos. 02–55097, 02–55131.
D.C. No. CV–99–00496–CAS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 5, 2003.

Submission Vacated June 3, 2003.

Resubmitted April 8, 2004.

Decided Aug. 19, 2004.

Bruce J. Altshuler, Altshuler & Spiro, Beverly Hills, CA, for Plaintiffs–Appellees.

Kevin R. Sutherland, Condon and Forsyth, LLP, Los Angeles, CA, John Maggio, Stephen J. Fearon, Snr., Condon & Forsyth, New York, NY, for Defendants–Appellants.

Before HALL, THOMPSON, and BERZON, Circuit Judges.

## MEMORANDUM *

In this memorandum disposition, we decide the defendants' appeal and the plaintiffs' cross-appeal of the district court's award of damages.[1] We have examined the parties' contentions concerning the district court's calculation of Neischer's lost income and its damages award, and find no reversible error, assuming that Neischer's negligence did not contribute toward her death. Because the parties are familiar with the facts, we recount only those relevant to our analysis.

■ 1. Defendants' citation of *Maheu v. Hughes Tool Co.*, 569 F.2d 459 (9th Cir.1977), is inapposite, as *Maheu* does not forbid attribution of lost income based on credible testimony alone. In that case, it was the plaintiff whose testimony purportedly supported the earnings determination. The plaintiff, however, "was thoroughly and convincingly impeached," and his future earnings were therefore deemed to be "impermissibly conjectural." *Id.* at 472, 475. The present case involves no speculation about future income, only a debate over the credibility of the Prescods' testimony as a "factual basis" for the lost in-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. In a concurrently filed opinion, we address the defendants' other contentions.

come calculation. *See id.* at 476. The substantial evidence standard for damages awards is therefore met here, as the district court found the relevant testimony credible. *See Conner v. City of Santa Ana,* 897 F.2d 1487, 1493 (9th Cir.1990).

■ 2. Defendants also contend that the district court erred in refusing to consider Neischer's after-tax income in arriving at the amount of damages resulting from her lost earnings. *Canavin v. Pacific Southwest Airlines,* 148 Cal.App.3d 512, 196 Cal.Rptr. 82 (1983), states the rationale for the rule against deducting taxes from gross income:

> The negligent defendant should not benefit by the fortuitous event [that] the person injured may be subject (or not subject), in a totally unknown and unpredictable amount, to income tax.... In measuring a plaintiff's damages in a wrongful death action income tax consequences on a decedent's projected future earnings are irrelevant and so subject to "intense speculation" as to preclude admissibility.

*Id.* at 542–43, 196 Cal.Rptr. 82 (Staniforth J., writing for the majority on this point). Defendants' argument is therefore without merit. *See also Rodriguez v. McDonnell Douglas Corp.,* 87 Cal.App.3d 626, 667, 151 Cal.Rptr. 399 (1978). Moreover, as a result of the later decision in *Canavin,* we are not bound to follow *United States v. English,* 521 F.2d 63, 71–72 (9th Cir.1975). *See In re Watts,* 298 F.3d 1077, 1083 (9th Cir.2002); *FDIC v. McSweeney,* 976 F.2d 532, 535–36 (9th Cir.1992) (explaining that when presented with an intervening appellate court opinion "at odds with" a prior Ninth Circuit opinion, we are not necessarily "bound by our prior decisions interpreting state ... law").[2]

■ 3. Finally, defendants argue that Neischer's personal consumption expenditures should offset the damages award. On the record before us, however, it is clear that the defendants did not "present competent evidence at trial" concerning these expenditures, as required by California law. *See Fontaine v. Nat'l R.R. Passenger Corp.,* 54 Cal.App.4th 1519, 1531, 63 Cal.Rptr.2d 644 (1997). We therefore decline to disapprove the district court's calculation.

■ 4. Plaintiffs' cross-appeal objects to the district court's exclusion of evidence that Neischer received Social Security payments. Plaintiffs waived this argument by failing to raise it at the original trial. As a result, the district court did not err in aiming to prevent double recovery, even though the omission of Neischer's Social Security income distorts the figures at issue.

5. In addition, we affirm the amount and structure of non-economic damages awarded by the district court. *See Lentini v. Cal. Ctr. for the Arts,* 370 F.3d 837, 850 (9th Cir.2004) ("We will not disturb an award of damages unless it is clearly unsupported by the evidence, or it shocks the conscience." (quotation marks and citation omitted)). Plaintiffs' structural argument based on *Canavin* fails, because *Canavin* addressed the propriety of judicial apportionment of damages (in contrast to jury determinations), not the individualization of judicial awards. *See Canavin,* 148 Cal. App.3d at 536, 196 Cal.Rptr. 82. We reject plaintiffs' characterization that the district court did not individually apportion the damages award, as the court stated that "the plaintiffs should receive an award of non-economic damages in the aggregate amount of $60,000, *or $10,000 per plain-*

---

**2.** *Burgess v. Premier Corp.,* 727 F.2d 826 (9th Cir.1984), is not controlling because it ad-    dressed Washington state law, not California law.

*tiff.*" (emphasis added). Consequently, the district court did not err in awarding the plaintiffs equal damages.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.